UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| BRIAN HAAS and<br>HELEN HAAS,<br>    *Debtor(s)* | : <br>:<br>: | Case No. 05-27609REF |
| --------------------------------------------------------- | | |
| BRIAN HAAS and<br>HELEN HAAS,<br>    *Plaintiff(s)*<br><br>    *v.*<br><br>TWE FEDERAL CREDIT UNION,<br>    *Defendant(s)* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Adv. No. 06-2017 |

## **ORDER**

AND NOW, this 27th day of March, 2006, it is ORDERED that Defendant's Motion to Dismiss Count I of this Complaint,[1] which alleges that Defendant violated the automatic stay by contacting Mr. John Haas, the father of Plaintiff/Debtor, Brian Haas, and advising him that

---

1. Defendant bases its Motion to Dismiss Count I of this Complaint upon Fed. R. Civ. P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b). When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b), we must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Angelastro v. Prudential- Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985); John L. Motley Assocs., Inc. v. Rumbaugh, 104 B.R. 683, 685 (E.D. Pa. 1989); Waslow v. Grant Thornton, LLP (In re Jack Greenberg, Inc.), 212 B.R. 76, 81 (Bankr. E.D. Pa. 1997). Furthermore, "[a] court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Lum, 361 F.3d at 223, citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Applying this standard to the facts alleged in Count I of the Complaint, we conclude, for the reasons that follow, that Count I fails to allege facts sufficient to state a claim for relief and therefore, we grant Defendant's Motion to Dismiss Count I of the Complaint.

he was responsible for the debt of Plaintiff/Debtor, Brian Haas, is GRANTED and Count I of the Complaint is hereby DISMISSED[2] because we find that Count I fails to state a claim upon which relief can be granted because the automatic stay does not provide protection to non-debtor parties or their property, In re Kirby, 151 B.R. 463, 465-66 (Bankr. M.D. Tenn. 1992); see also Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988)("[t]he plain language of §362 ... provides only for the automatic stay of judicial proceedings and enforcement of judgments `against the debtor or the property of the estate.'"); Assn of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982)("[s]ection 362 by its terms only stays proceedings against the debtor"); Dime Sav. Bank v. Greene, 813 A.2d 893, 896 (Pa. Super. Ct. 2002)("the automatic stay protections afforded a debtor under 11 U.S.C. §362 do not apply to non-debtor third parties," citing Bankers Trust Co. v. Tax Claim Bureau of Delaware County, 723 A.2d 1092, 1094 (Pa. Commw. Ct. 1999).[3]

---

2. A review of Count I of the Complaint reveals that it does not allege that Defendant contacted Mr. John Haas or any other person in an attempt to coerce Plaintiffs/Debtors into paying the debt owed to Defendant. To the contrary, paragraph 8 of the Complaint states that the representative of Defendant "told John that he was responsible for the debt." Because Count I does not allege that Defendant contacted Mr. John Haas in an attempt to collect the debt from Plaintiffs/Debtors, Count I does not state a cause of action for violation of the automatic stay under 11 U.S.C. §362.

3. Mr. John Haas has not filed a bankruptcy petition and therefore he is not a debtor under the Bankruptcy Code. Accordingly, he is not entitled to the protection of the automatic stay found in section 362(a) of the Bankruptcy Code. Kirby, 151 B.R. at 465-66; see also Williams, 851 F.2d at 121; St. Croix Hotel Corp., 682 F.2d at 448; Greene, 813 A.2d at 896; Bankers Trust Co., 723 A.2d at 1094. In addition, Mr. John Haas is not a co-debtor or guarantor of the debt owed by Plaintiff/Debtor, Brian Haas, to Defendant. Finally, we note that although Plaintiffs/Debtors cite cases that support the general proposition that the scope of the automatic stay is broad, these cases all deal with the protection afforded to debtors under the Bankruptcy Code by the automatic stay and they do not support Plaintiffs/Debtors' argument that the automatic stay applies to and prohibits an attempt by a creditor to collect a debt owed to them by a debtor from a non-debtor third party, see Knaus v. Concordia Lumber Co. (In re Knaus), 889 F.2d 773 (8th Cir. 1989); In re Goodfellow, 298 B.R. 358 (Bankr. N.D. Iowa 2003); In re Grau, 172 B.R. 686 (Bankr. S.D. Fla. 1994). Turning to Count I of the Complaint, we again note that it does not allege that Defendant contacted Mr. John Haas in an attempt to put pressure upon Plaintiffs/Debtors to pay the debt owed to Defendant. Because Count I does not allege that Defendant contacted Mr. John Haas in an attempt to collect the debt from Plaintiffs/Debtors, it does not state

IT IS FURTHER ORDERED that Count II of the Complaint is hereby DISMISSED sua sponte[4] because we find that we lack subject matter jurisdiction over the claims alleged in Count II[5] because: *(1)* The claims alleged in Count II are not core proceedings because these claims do not invoke a substantive right created by the Bankruptcy Code, they do not arise from the administration of the bankruptcy case, and they exist independently of the bankruptcy case and can be raised outside the bankruptcy forum, Csondor v. Weinstein, Treiger & Riley, P.S. (In re Csondor), 309 B.R. 124, 129 (Bankr. E.D. Pa. 2004); Steele v. Ocwen Fed. Bank (In re Steele), 258 B.R. 319, 321-22 (Bankr. D. N.H. 2001); Goldstein v. Marine Midland Bank (In re Goldstein), 201 B.R. 1, 3-5 (Bankr. D. Me. 1996); see also Buckingham v. Baptist Mem'l. Hosp., 283 B.R. 691, 693 (N.D. Miss. 2002); McGlynn v. Credit Store, Inc., 234 B.R. 576, 583-4 (D. R. I. 1999); and *(2)* The claims alleged in Count II are not "related proceedings" because they arose after Plaintiffs/Debtors filed their chapter 7 petition and therefore, the resolution of these claims can have no effect on the

---

a cause of action for violation of the automatic stay under 11 U.S.C. §362.

4. Although Defendant's Rule 12(b)(6) Motion to Dismiss seeks dismissal of Count II of the Complaint based upon preemption, we may not address this issue because we find, for the reasons that follow, that we lack subject matter jurisdiction over the cause of action alleged in Count II of the Complaint and we dismiss Count II sua sponte. Shaffer v. GTE North, Inc,, 284 F.3d 500, 502 (3d Cir. 2002)(every federal court is obligated to raise the issue of subject matter jurisdiction sua sponte); Csondor v. Weinstein, Treiger & Riley, P.S., 309 B.R. 124, 126-27 (Bankr. E.D. Pa. 2004)("The Supreme Court has recently instructed us not to hypothesize jurisdiction, but to decide jurisdiction first and then address other issues only if there is jurisdiction," citing Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 414 (3d Cir. 1999)); Close v. Edison (In re Close), Case No. 93017145DWS, Adv. No. 03-0153, 2003 WL 22697825, at *2 (Bankr. E.D. Pa. October 29, 2003)("[a] bankruptcy court, like any federal court, has the continuing obligation as well as inherent power to determine its own jurisdiction."); 28 U.S.C. §157(b)(3); Fed. R. Civ. P. 12(h), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 12(b).

5. Count II of the Complaint alleges that Defendant violated various sections of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.4(b)(1)(vi), (4) and (5), when its representative contacted Mr. John Haas and advised him that he was responsible for the debt owed to Defendant by Plaintiff/Debtor, Brian Haas.

administration of this chapter 7 bankruptcy estate.[6] Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); Csondor, 309 B.R. at 129-30; Steele, 258 B.R. at 322; Reyes v. FCC Nat'l. Bank (In re Reyes), 238 B.R. 507, 508 (Bankr. D. R.I. 1999); Goldstein, 201 B.R. at 3-5; see also Buckingham, 283 B.R. at 693; McGlynn, 234 B.R. at 584.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

---

6. In fact, because the claims alleged in Count II arose post-petition, any recovery Plaintiffs/Debtors might receive on these claims would belong to Plaintiffs/Debtors and not to the chapter 7 bankruptcy estate. McGlynn, 234 B.R. at 584; Csondor, 309 B.R. at 129; Steele, 258 B.R. at 322; Reyes, 238 B.R. at 508; Goldstein, 201 B.R. at 5; see also Buckingham, 283 B.R. at 693; Vogt v. Dynamic Recovery Servs. (In re Vogt), 257 B.R. 65, 68 (Bankr. D. Colo. 2000).